IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT A. HOOK

    Plaintiff,

v.                                            Civil Action No. CV-99-J-2594-S

UNISYS CORPORATION, and
FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES
COMPANY, INC.,

    Defendants.

## MEMORANDUM OPINION

This cause comes before this court on defendants' motion for summary judgment (doc. 27) and plaintiff's "cross motion for summary judgment" (doc. 32). Plaintiff in this action claims that defendants violated the fiduciary duty provisions of the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §1104(a)(1). The court having considered all of the pleading, briefs, and evidentiary submissions finds that these defendants have not breached any fiduciary duties and are entitled to summary judgment.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the

36

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608

(11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

**Legal Analysis**

Plaintiff Hook is employed by defendant Unisys. Unisys has an employee pension

benefit plan known as the Unisys Savings Plan (Plan). In 1998 Unisys instituted a company match. This Plan allowed participants to self direct their savings with the restriction that participants under 50 years old could not self direct any Unisys matched funds, only their own contributions. Hohl Affidavit, p. 3; Wolf Affidavit, p. 2. The Plan offered three methods for Plan participant self direction: (1) through telephone calls with Customer Service Representatives from 8:30 a.m. to midnight Eastern time during weekdays; (2) via the Plan's telephone voice response system, which is available twenty-four hours per day; and (3) using the NetBenefits websit, which is also available twenty-four hours per day. Hohl Affidavit, p. 3; Wolf Affidavit, p. 1-2.

On August 20, 1998, plaintiff could not transfer funds through NetBenefits so he completed a transaction over the phone and reported the NetBenefits problem. Hook deposition p. 59. On October 15, 1998, plaintiff again attempted to transfer funds through NetBenefits and again could not complete the transaction. Hook deposition p. 111. After attempting the NetBenefits transfer Mr. Hook attempted a phone transaction. Mr. Hook did not make this phone call until late in the day and his request was not processed before trading closed. "She [Fidelity representative] just didn't know how to do it in the minute and a half that I gave her." Hook deposition p. 48. According to the Plan, a transfer will be implemented only if it is confirmed with a Customer Service Representative prior to 4:00 p.m. Eastern time. Hohl Affidavit, Exhibit 1. The Internet problem was eventually resolved and plaintiff was able to use NetBenefits on December 18, 1998.

Plaintiff Hook claims these defendants breached their fiduciary duty to act as a prudent person because he could not transfer his funds over the Internet on October 15, 1998.

> Q. Is it your position that Unisys has to make the net benefits (sic) site available to everybody for doing these kind of trades? Is it your position that ERISA requires that?
>
> A. (Hook) Yes. Solely in the best interests of the plan participants.

Hook deposition, p. 116. The reason why the Internet option should be required is because "the Internet . . . may take you tens of seconds to complete something. But as we saw in this case, getting ahold (sic) of a representative at Fidelity could take a long time. Many, many, many minutes." Hook deposition, p. 47-48. According to plaintiff, "ERISA says they [defendants] have to provide every means that is in my best interest." Hook deposition, p. 124.

> ERISA imposes the following duties on a plan fiduciary:
>
> a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and-
>
>> (A) for the exclusive purpose of:
>>   (i) providing benefits to participants and their beneficiaries; and
>>   (ii) defraying reasonable expenses of administering the plan;
>>
>> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
>>
>> (C) by diversifying the investments of the plan so as to minimize the risk of large loses, unless under the circumstances it is clearly prudent not to do so; and

>(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.

29 U.S.C. §1104(a)(1). ERISA does not require a fiduciary to provide its employees constant and immediate investment instructive power. "A plan may impose reasonable restrictions on the frequency with which participants and beneficiaries may give investment instructions . . ." 29 C.F.R. §2550.404c-1(b). The difference between seconds and minutes simply does not rise to the level of an unreasonable restriction. Furthermore, this inability to use the Internet for these trades was not an actual restriction, but a mere error that has since been solved. The evidence before this court is that Mr. Hook, despite having experienced difficulty with NetBenefits in August, attempted using NetBenefits in October. This was not done until late in the day near the end of trading. NetBenefits did not work so Mr. Hook then phoned Fidelity, however his call was too late.

There being no genuine issues of material fact, the court hereby **GRANTS** defendants' motion for summary judgment (doc. 27). Plaintiff's motion for summary judgment is **DENIED** (doc. 32). Judgment shall be entered in favor of the defendants. Each party to bear its own costs.

**DONE** and **ORDERED** this 7 day of March 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE